IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENN NATIONAL INSURANCE | : | No. 1:CV-05-2096 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| HNI CORPORATION, <u>ET AL.</u>, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a/s/o DONECKERS, INC., | : | No. 4:CV-06-747 |
| | : | (Judge Jones) |
| Plaintiff | : | (Magistrate Judge Smyser) |
| v. | : | |
| HEARTH & HOME TECHNOLOGIES, INC., d/b/a FIRESIDE HEARTH & HOME,: HOWARD HALDERMAN, d/b/ba HALDERMAN CHIMNEY SWEEP, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

August 1 6, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Travelers Property Casualty Company of America a/s/o

1

Doneckers, Inc. ("Plaintiff" or "Travelers") filed a complaint on April 10, 2006 against Defendants Hearth & Home Technologies, Inc., d/b/a Fireside Hearth & Home ("Hearth & Home") and Howard Halderman, d/b/a Halderman Chimney Sweep ("Halderman") to which Defendant Halderman filed an answer on April 24, 2006, as well as a cross-claim against Hearth & Home. (Rec. Docs. 1, 3). Defendant Halderman filed a Motion to Dismiss the complaint on that date, as well as a brief in support thereof. (Rec. Docs. 4, 5). Defendant Hearth & Home filed an answer to the complaint and to the cross-claim on May 3, 2006. (Rec. Doc. 7). On May 10, 2006, Defendant Hearth & Home filed a third-party complaint against Penn National Insurance Company. (Rec. Doc. 8). In addition, on May 17, 2006, Defendant Hearth & Home filed an answer to Halderman's cross-claim. (Rec. Doc. 11). Most recently, on June 15, 2006, Defendant Hearth & Home filed a Motion to Consolidate <u>Travelers v. Hearth & Home, et al.</u>, 4:06-cv-747, with <u>Penn National Insurance v. HNI Corporation, et al.</u>, Civ. No. 1:05-cv-2096. (Rec. Doc. 20).[1]

---

[1] A Motion to Consolidate was also filed on June 13, 2006, in the <u>Penn National Insurance</u> case. (Rec. Doc. 32). That Motion was addressed in a report and recommendation filed on July 28, 2006 by Magistrate Judge Smyser in that case. In that report, the Magistrate Judge stated that the Motion to Consolidate should be granted in the <u>Penn National Insurance Company</u> case for the reasons stated in the report filed in the <u>Travelers</u> case. (Rep. & Rec. at 2, n.1).
  In addition, we note that pursuant to a request by Defendant Halderman in both cases, oral argument was conducted by the Magistrate Judge to consider both the Motion to Dismiss

Defendants in the Travelers case are Hearth & Home and Halderman. In the Penn National case, the Defendants are HNI Corporation and Hearth & Home. Hearth & Home has filed a counterclaim against Penn National and has filed a third-party complaint against Halderman. The Penn National case was removed to this Court from the Court of Common Pleas of Cumberland County.

As the Magistrate Judge notes, there is pending in the Court of Common Pleas of Cumberland County a subrogation claim, as is this claim, brought by Travelers, this Plaintiff, against Defendants Hearth & Home and Halderman arising as does this claim from the same fire at 1735 Eliza Way, Mechanicsburg, Pennsylvania, asserting as does this complaint that Defendants are liable to the Plaintiff as a result of the fire for damage to and loss of the property of Doneckers, Inc., Travelers' insured. The state complaint was filed six months before this federal complaint.

This case was referred to Magistrate Judge J. Andrew Smyser for preliminary review. The Motion to Dismiss and the Motions to Consolidate have been briefed by the parties. The Motions are therefore ripe for disposition.

On July 28, 2006, Magistrate Judge Smyser issued a report recommending that the Motion to Dismiss the complaint or to stay the litigation be denied and

---

and the Motions to Consolidate in both cases. (Rep. & Rec. at 2).

that the Motion to Consolidate this case, <u>Travelers v. Hearth & Home, et al.</u>, Civ. No. 4:06-cv-747, with <u>Penn National Insurance v. HNI Corporation, et al.</u>, Civ. No. 1:05-cv-2096, be granted. (<u>See</u> Rep. & Rec. at 8).

Objections to the report were due on August 14, 2006 and to date none have been filed.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. <u>Id.</u>

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. <u>See Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990). In <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only

whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d5 310 (3d Cir. 1986).

## DISCUSSION:

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

The Magistrate Judge aptly points to Fed.R.Civ.P. 42(a), which provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A careful review of the record reveals that the trials of these two subrogation actions arising from the model home fire at issue will involve common questions of law and fact. Moreover, we are in agreement with the Magistrate Judge that the potential for prejudice and jury confusion does not

impress us as being either significant or unavoidable. In that regard, jury confusion and prejudice can effectively be ruled out given careful delineation and separation of the issues in the presentations of counsel and of the Court to the jury. Finally, Magistrate Judge Smyser accurately submits that the prospect for confusion, inconsistent adjudications, and prejudice to the parties if separate trials proceed of the related claims and issues arising from the Eliza Way model home fire is greater than the prospect for the same arising from a consolidated trial.

Because we find no error in Magistrate Judge Smyser's report and recommendation and, because no objections have been filed, we will adopt the report as our own.[2]

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    Magistrate Judge Smyser's Report and Recommendation (doc. 31) is

---

[2] As the Magistrate Judge accurately summarized, the Motion to Dismiss the complaint filed by Defendant Halderman asks the Court to order that the complaint be dismissed or stayed as the civil action pending in the Court of Common Pleas of Cumberland County filed on or about September 1, 2005, brought by the same Plaintiff, Travelers, against the same Defendants, Hearth & Home and Halderman, stating the same claim on the basis of the same facts and seeking the same relief. (Rep. & Rec. at 4). We are in agreement with Travelers that Defendant Halderman has not demonstrated the requisite exceptional circumstances to justify the dismissal or stay of this action. Moreover, the decision to dismiss a federal action because of parallel state court litigation does not rest of a "mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 16 (1983). We agree with Travelers that a measured balancing of the factors dictates that the federal action should not be dismissed or stayed. See Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999) (listing six Colorado River factors).

adopted in its entirety.[3]

2. The Motion to Dismiss the Complaint or to Stay the Litigation (doc. 4) is DENIED.

3. The Motion to Consolidate (doc. 20) <u>Travelers v. Hearth & Home, et al.</u>, Civ. No. 4:06-cv-747, with <u>Penn National Insurance v. HNI Corporation, et al.</u>, Civ. No. 1:05-cv-2096, is GRANTED. The Clerk shall close 4:06-cv-747.

4. The consolidated matter, which will proceed under 1:05-cv-2096, is remanded to Magistrate Judge Smyser for further proceedings.

_____
John E. Jones III
United States District Judge

---

[3] We additionally note that the Magistrate Judge's July 28, 2006 report filed in the <u>Penn National Insurance Company</u> case, 1:05-cv-2096, is adopted in its entirety.