IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENN NATIONAL INSURANCE, | : | No.  1:05-cv-2096 |
| *as subrogree of Elam. G. Stoltzfus, Jr., Inc.*, | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| HNI CORPORATION and HEARTH & | : | |
| HOME TECHNOLOGIES, INC., t/d/b/a | : | |
| FIRESIDE HEARTH & HOME, | : | |
| Defendants | : | |
| | : | |
| HEARTH & HOME TECHNOLOGIES, | : | |
| INC., t/d/b/a FIRESIDE HEARTH & | : | |
| HOME, | : | |
| Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HOWARD HALDEMAN t/d/b/a | : | |
| HALDEMAN CHIMNEY SWEEP, | : | |
| Third-Party Defendant | : | |
| | : | |
| | : | |
| TRAVELERS PROPERTY CASUALTY | : | |
| COMPANY OF AMERICA a/s/o | : | |
| DONECKERS, INC., | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HEARTH & HOME TECHNOLOGIES, | : | |
| INC., d/b/a FIRESIDE HEARTH & | : | |
| HOME, and HOWARD HALDEMAN, | : | |
| d/b/a HALDEMAN CHIMNEY SWEEP, | : | |
| Defendants | : | |

HEARTH & HOME TECHNOLOGIES,     :
INC., t/d/b/a FIRESIDE HEARTH &       :
HOME,                                           :
          Third-Party Plaintiff     :
                                        :
              v.                             :
                                          :
PENN NATIONAL INSURANCE,            :
          Third-Party Defendant     :

## MEMORANDUM

### April 20, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On February 9, 2007, Magistrate Judge Smyser issued a Report and Recommendation (doc. 121) in the above-captioned matter.  Objections to the Report and Recommendation were received from all parties.  Accordingly, this matter is ripe for our review.

## I.     PROCEDURAL HISTORY:

This consolidated case arises out of a fire that occurred in a model home. In an effort to simplify what has become a decidedly complex matter, we will endeavor to separate its history in the following sections.

### A.     The Penn National Case

Penn National Insurance ("Penn National") alleges that Elam G. Stoltzfus,

2

Jr., Inc. (Stoltzfus) was the owner of property known and numbered as 1735 Eliza Way in the Pinehurst Hills Development in Mechanicsburg, Pennsylvania.  The structure on the property was a two-story, single-family home.  Penn National alleges that construction of the home was completed on or about September 15, 2004 and that the home was no occupied or under a sales contract, but was being used as a model home.  Stoltzfus was the holder of a policy of insurance, issued by Penn National, which covered the property.

Penn National alleges that the Defendants are in the business of manufacturing and installing indoor gas burning fireplaces and that Stoltzfus entered into a contract with the Defendants for the delivery and installation of two gas fireplace systems.

On October 1, 2004, a fire occurred at the model home which resulted in substantial destruction of the house and its contents. It is out of the asles of that conflagration that this multi-tiered action arose.  Penn National alleges that the cause of the fire was the improper installation and assembly of the chimney vent pipe for the fireplace located in the family room of the home.

Penn National's complaint contains two counts: Count I is a negligence claim and Count II is a breach of contract claim.  On October 14, 2005, the Defendants removed the case from the Pennsylvania Court of Common Pleas of Cumberland

County to this Court. (Rec. Doc. 1).  On October 21, 2005, the Defendant HNI

Corporation filed an answer to the complaint.  (Rec. Doc. 8).  Also on October 21,

2005, Defendant Hearth and Home Technologies, Inc. ("Hearth and Home") filed

an answer to the complaint and a counterclaim against Penn National.  (Rec. Doc.

9).

In its counterclaim against Penn National, Hearth and Home alleges that it

subcontracted with Howard Haldeman t/d/b/a Haldeman Chimney Sweep

(Haldeman) to install the fireplaces at the Stoltzfus property.  Hearth and Home

alleges that, as part of an independent contractor agreement, Haldeman was

required to indemnify and defend it with respect to any claims arising from

Haldeman's work, including the work at the Stoltzfus property.  Haldeman was the

holder of a Commercial General Liability insurance policy, also issued by Penn

National, which was effective at the time of the fire.  Hearth and Home contends

that as an indemnitee of Haldemen, it is entitled to coverage and a defense by Penn

National under the Haldeman policy.  Penn National, however, has refused to

defend or indemnify Hearth and Home.  The counterclaim contains three counts:

Count I is a breach of contract claim, Count II is a claim for breach of the covenant

of good faith and fair dealing and Count III requests a declaratory judgment

declaring that Penn National is under a duty to defend Hearth and Home in the

action filed by Penn National as subrogee of Stoltzfus in the action filed by Travelers Insurance as subrogee of Doneckers; that Penn National and Haldeman are required to indemnify Hearth and Home for any and all sums recovered in either the case brought by Penn National or the case brought by Travelers; and that Penn National acted in bad faith in denying Hearth and Home coverage and a defense.

Also on October 21, 2005, Hearth and Home filed a third-party complaint against Haldeman.  (Rec. Doc. 10).  The third-party complaint contains three counts: Count I is a claim for contribution, Count II is a claim for indemnification and Count III is a claim for breach of contract.

### B.      The Travelers Case

On April 10, 2006, Travelers Property Casualty Company of America ("Travelers"), as subrogee of Doneckers, Inc., filed a complaint against Hearth and Home and Halderman.[1]  Travelers alleges that Doneckers was in the furniture business and had furnished the model home.  Travelers insured Doneckers and paid Doneckers for damages sustained by Doneckers resulting from the fire.  Travelers' complaint contains two counts: Count I is a negligence claim against Hearth and Home and Count II is a negligence claim against Haldeman.

---

[1] The case was assigned Docket No. 4:06-cv-0747.  It was later consolidated into the instant case.

5

On April 24, 2006, Haldeman filed an answer to Travelers' complaint and a cross-claim against Hearth and Home for contribution and indemnification.  On May 3, 2006, Hearth and Home filed an answer to Travelers' complaint and a cross-claim against Haldeman for contribution and indemnification.  On May 10, 2006, Hearth and Home filed a third-party complaint against Penn National, which contains the same three counts set forth in its cross-claim against Penn National in the Penn National Case.

## C.    Consolidation and Pending Motions

By an order dated August 16, 2006, the Travelers case was consolidated with the Penn National case.  The case is currently on our September 2007 trial list.

The Magistrate Judge's Report and Recommendation is issued with respect to six pending motions for summary judgment: 1) Travelers' motion for partial summary judgment against Hearth and Home (doc. 67); 2) Penn National's motion for summary judgment against Hearth and Home on its claims as subrogee of Stoltzfus (doc. 62); 3) Haldeman's motion for summary judgment or, in the alternative, partial summary judgment against Hearth and Home (doc. 64); 4) Hearth and Home's motion for summary judgment against Haldeman (doc. 70); 5) Penn National's motion for summary judgment against Hearth and Home on Hearth and Home's counterclaims/third-party claims against Penn National (doc. 76); and 6)

Hearth and Home's motion for summary judgment against Penn National on Hearth and Home's counterclaims/third-party claims against Penn National.  (Rec. Doc. 73).

Magistrate Judge Smyser's February 9, 2007 report renders recommendations on the six pending summary judgment motions.  In summary, Magistrate Judge Smyser recommends that: 1) Travelers' motion for partial summary judgment against Hearth and Home (doc. 67) be denied; 2) Penn National's motion for summary judgment against Hearth and Home on its claims as subrogee of Stoltzfus (doc. 62) be denied; 3) Haldeman's motion for summary judgment or, in the alternative, partial summary judgment against Hearth and Home (doc. 64) be denied; 4) Hearth and Home's motion for summary judgment against Haldeman (doc. 70) be denied; 5) Penn National's motion for summary judgment against Hearth and Home on Hearth and Home's counterclaims/third-party claims against Penn National (doc. 76) be granted; and 6) Hearth and Home's motion for summary judgment against Penn National on Hearth and Home's counterclaims/third-party claims against Penn National (doc. 73) be denied.  (Rec. Doc. 121 at 96-97).

## II.    STANDARDS OF REVIEW:

### A.    Review of Magistrate Judge's Report When Objections are

**Filed**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### B.    Review of Magistrate Judge's Report When No Objections Filed

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report

becomes the judgment of the court.  Id.

### C.      Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any

material fact and . . . the moving party is entitled to judgment as a matter of law."

FED .R. CIV. .P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335,

340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of

showing "there is no genuine issue for trial."  Young v. Quinlan, 960 F.2d 351, 357

(3d Cir. 1992).  Summary judgment should not be granted when there is a

disagreement about the facts or the proper inferences which a fact finder could

draw from them.  See Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d

Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a

genuine issue of material fact.  Celotex Corporation v. Catrett, 477 U.S. 317, 323

(1986).  This may be met by the moving party pointing out to the court that there is

an absence of evidence to support an essential element as to which the non-moving

party will bear the burden of proof at trial.  Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is

made and properly supported, the non-moving party must then show by affidavits,

pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material."  Id. at 248.  A dispute is considered to be genuine only if "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party."  Id.

## III.   DISCUSSION:

### A.    Travelers' Motion for Partial Summary Judgment against Hearth                 and Home (doc. 67)

Travelers', as subrogee of Doneckers, seeks summary judgment against

Hearth and Home on Travelers' negligence claim against Hearth and Home.

Travelers' seeks judgment in the amount of $100,353.11, the amount it paid to

Doneckers for the furniture lost by Doneckers in the fire.  Magistrate Judge Smyser

recommends that we deny summary judgment because he finds that a genuine issue

of material fact exists as to whether Haldeman was an independent contractor or an

employee of Hearth and Home.

Hearth and Home objects to two individual statements made by the

Magistrate Judge in rendering his recommendation that summary judgment be

denied.  First, Hearth and Home submits mistakenly omitted pages of the

deposition of Stacy Fahnestock, the corporate desginee of Penn National's

subrogee, Stoltzfus, in which Fahnestock testified that he was able to start the

fireplace in question after a third try.  Magistrate Judge Smyser had stated that

Hearth and Home had not provided any record evidence to support its assertion

that the fireplace was operating properly.  While we shall consider Fahnestock's

testimony, it is our view that its inclusion in the record would not have altered Magistrate Judge Smyser's recommendation. As it relates to this claim, the paramount issue is not the cause of the fire, but Haldeman's status as either an employee or an independent contractor.

Hearth and Home also argues that Magistrate Judge Smyser incorrectly interpreted the testimony of David Albright, a field superintendent for Stoltzfus. Magistrate Judge Smyser stated that Albright's testimony did not support the proposition that Stoltzfus was responsible for ensuring the completion of the fireplace system. (Rec. Doc. 121, p. 14).  Hearth and Home argues that Albright's testimony indicated that Stoltzfus, acting as the general contractor, would, at a minimum, be responsible for ensuring that the chimney and the chimney vent cap was on the roof, something that Haldeman's expert theorized was not there.  (Rec. Doc. 127 at 4).  Albright testified as follows: "I would say that the limits of what I am responsible for are that they are – that the work is installed correcctly from an aesthetic manner, that the other finishes that take place or work in conjunction with the installation, but *I am not responsible for inspecting or verifying that the installation is correct*."  (Rec. Doc. 127 at 4)(emphasis added).  We have considered Albright's testimony and find that Magistrate Judge Smyser's conclusion more apt than that submitted by Hearth and Home.  Furthermore and to

reiterate, Magistrate Judge Smyser's recommendation to deny summary judgment did not rest on the cause of the fire, but rather on an issue of fact regarding Haldeman's status as either an employee or an independent contractor.

Accordingly, we shall overrule Hearth and Home's objections to the portion of the Magistrate Judge's report recommending denial of Travelers' motion for summary judgment and shall adopt this portion of the Magistrate Judge's report.

### B.   Penn National's Motion for Summary Judgment against Hearth and Home on its Claims as the Subrogee of Stoltzfus (doc. 62)

Penn National, as subrogee of Stoltzfus, is seeking summary judgment against Hearth and Home as to Penn National's negligence and breach of contract claims against Hearth and Home.  Penn National is seeking judgment in the amount of $559, 373.70, the amount it paid to Stoltzfus pursuant to Stoltzfus' policy of insurance with Penn National.[2]  Magistrate Judge Smyser recommends that we deny summary judgment with respect to the negligence claim because an issue of fact remains as to whether Haldeman was an independent contractor or an employee of Hearth and Home and that we deny summary judgment with respect to the breach

---

[2] As noted by the Magistrate Judge, it is undisputed that Stoltzfus owned the property and model home at issue, that Stoltzfus was the holder of a policy of insurance issued by Penn National which covered the property, that on October 1, 2004 a fire occurred at the model home which severely damaged it, and that Penn National paid Stoltzfus $559,373.70 pursuant to the insurance policy on the property.  (Rec. Doc. 121 at 15-16).

of contract claim because Penn National has not presented any evidence regarding the measure of damages sustained by Stoltzfus.  Magistrate Judge Smyser notes that another approach that could be taken would be to grant partial summary judgment as to the merits of the breach of contract claim without granting summary judgment as to damages.

Penn National objects to the portion of the Magistrate Judge's report that recommends denial of summary judgment on the breach of contract claim, based upon Penn National's failure to present evidence regarding the measure of damages.  Penn National argues that the issue of damages is undisputed, but submits that if the Court finds to the contrary, we should adopt Magistrate Judge Smyser's alternative recommendation and grant summary judgment on the merits but deny it as to the measure of damages.

Hearth and Home also objects to the Magistrate Judge's recommendation and opposes Penn National's objections.  From what we can distill out of Hearth and Home's objections, it appears that Hearth and Home objects to the Magistrate Judge's finding that a contract existed between Hearth and Home and Stoltzfus.  In opposing Penn National's objections, Hearth and Home argues that summary judgment on the merits of the breach of contract claim cannot be granted because there are material questions of fact that remain, including whether Stoltzfus was

contributorily negligent.

As a threshold matter, we shall overrule Hearth and Home's objection to the portion of the Magistrate Judge's report that determines a contract did in fact exist between Hearth and Home and Stoltzfus.  It is undisputed that a purchase order was submitted to Hearth and Home by Stoltzfus for the purchase of the fireplace. We find, as Magistrate Judge Smyser alluded to, that the combination of the purchase order with the performance of the parties indicates the existence of a contractual relationship between them.

We believe the most prudent course is to adopt Magistrate Judge Smyser's alternative recommendation and in so doing will grant summary judgment on the merits of the breach of contract claim and deny summary judgment relating to damages.  As noted in the report, there remains a question of fact about the actual cause of the fire, which is reflected in the dueling expert reports.  However, we have reviewed the expert reports and their conclusions indicate that the fire was caused by *either* the negligent installation *or* the premature start up of the fireplace. *Neither* of the reports implicate any alleged contributory negligence by Stoltzfus as a cause.  As a result we find that Hearth and Home's argument that a question of fact remains as to whether Stoltzfus was contributorily negligent is merely a red herring, and this objection shall be overruled.  There is simply no basis in the

record to support what appears to be a contrived defense, and thus no real factual dispute exists as to Stoltzfus's conduct in this regard. Accordingly Penn National's motion for summary judgment on the merits of the breach of contract claim will be granted, but we will deny the motion as to damages for the same reasons as cogently set forth by the Magistrate Judge . While the amount paid by Penn National is undisputed. Hearth and Home has raised questions relating to its reasonableness that preclude summary judgment.[3]

### C.   Haldeman's Motion for Summary Judgment or, in the alternative, Partial Summary Judgment against Hearth and Home and Hearth and Home's Motion for Summary Judgment against Haldeman

Hearth and Home's third-party claims (in the Penn National case) against Haldeman are claims for contribution, indemnification and breach of contract, and its cross-claims (in the Traveler's case) against Haldeman are for contribution and indemnification.  Haldeman's cross-claims (in the Traveler's case) against Hearth and Home are for contribution and indemnification.  Magistrate Judge Smyser recommends that both Haldeman's motion for summary judgment or, in the alternative, partial summary judgment against Hearth and Home and Hearth and

---

[3] However, we will editorially note that Hearth and Homes faces a somewhat difficult hurdle as it relates to disproving the reasonableness of the amount paid by Penn National. Under these circumstances, and given the general proclivities of casualty insurers, it is hard to imagine that Penn National overpaid its insured.

Home's motion for summary judgment against Haldeman be denied because various genuine issues of fact remain.

Within Magistrate Judge Smyser's analysis of these motions, he concluded that the indemnity clause of the independent contractor agreement ("the Agreement") entered into between Haldeman and Hearth and Home does not require Haldeman to indemnify Hearth and Home for Hearth and Home's own negligence.  (Rec. Doc. 121 at 54).  Hearth and Home objects to this ruling. (Rec. Doc. 127 at 8).

The language of the indemnity provision of the Agreement is as follows:

Contractor [Haldeman] shall indemnify, defend, and hold Company [Hearth and Home] harmless from any and all claims, liability, loss, or damage, including reasonable attorney's fees, arising by reason of the death or bodily injury of persons, injury to property or other loss or damage arising out of, concerning or affecting this Agreement or the business conducted by Contractor, including but not limited to, any acts or failure to act on the part of the Contractor, his agents, servants, or employees.

(Rec. Doc. 121 at 52).   Magistrate Judge Smyser did not accept Hearth and Home's argument that the indemnity provision could be construed as providing for indemnity of the Company if the Company and the Contractor were concurrently negligent.  The Magistrate Judge concluded that the indemnity provision could not be construed to indemnify Hearth and Home for Hearth and Home's own negligence.  Regardless of this finding, Magistrate Judge Smyser still recommended

17

that summary judgment be denied with respect to both motions because various issues of genuine material fact remained.

Like Magistrate Judge Smyser, we do not find compelling and do not accept Hearth and Home's argument that the indemnity provision requires Haldeman to indemnify Hearth and Home for Hearth and Home's own negligence.  Our plain reading of the indemnity provision indicates that not only does it fail to contemplate indemnity for Hearth and Home's sole negligence, but it also fails to contemplate indemnity for concurrent negligence of Hearth and Home and Haldeman. Furthermore, as noted by the Magistrate Judge, this holding does not necessarily mean that Haldeman will not be required to indemnify Hearth and Home, because at this point in time, the cause of the fire is unknown.   Accordingly we shall overrule Hearth and Home's objection on this point and adopt this portion of the report.

We likewise agree with Magistrate Judge Smyser's recommendation to deny both motions for summary judgment.  Not only is the cause of the fire an issue of genuine material fact, but also a genuine issue of fact remain as to whether the Insurance Requirements were a part of the Agreement signed by Haldeman. Accordingly, we shall adopt the Magistrate Judge's recommendation and deny both Haleman's motion for summary judgment or, in the alternative, partial summary judgment against Hearth and Home and Hearth and Home's motion for summary

judgment against Haldeman.

**D.    Hearth and Home's Motion for Summary Judgment against Penn National on Hearth and Home's Counterclaims/Third-Party Claims against Penn National (doc. 73)and Penn National's Motion for Summary Judgment against Hearth and Home on Hearth and Home's Counterclaims/Third-Party Claims against Penn National (doc. 76)**

Hearth and Home's counterclaim (in the Penn National case) against Penn National and its cross-claim (in the Travelers' case) against Penn National each contain the same three counts: Count I is a breach of contract claim, Count II is a claim for breach of the covenant of good faith and fair dealing and Count III requests a declaratory judgment declaring that Penn National is under a duty to defend Hearth and Home in the action filed by Penn National as subrogee of Stoltzfus in the action filed by Travelers Insurance as subrogee of Doneckers; that Penn National and Haldeman are required to indemnify Hearth and Home for any and all sums recovered in either the case brought by Penn National or the case brought by Travelers; and that Penn National acted in bad faith in denying Hearth and Home a coverage and a defense.

Magistrate Judge Smyser recommends that Hearth and Home's motion for summary judgment be denied and that Penn National's motion for summary judgment on Hearth and Home's counterclaims/third-party claims be granted.  In

rendering this recommendation, Magistrate Judge Smyser first concluded that Hearth and Home was not a named additional insured under the Policy issued by Penn National to Haldeman.  Hearth and Home objects to this conclusion.

We agree with Magistrate Judge Smyser's conclusion that Hearth and Home was not an additional named insured.  Hearth and Home argues that the Insurance Requirements, which it contends were a part of the Agreement between it and Haldeman, suggests that it is an additional named insured.  As noted by the Magistrate Judge, a genuine issue of fact remains as to whether the Insurance Requirements were part of the Agreement, but even assuming *arguendo* that they were, that does not mean that Hearth and Home was actually a named additional insured on the Penn National Policy.  Furthermore, we agree with the Magistrate Judge that the deposition testimony of Stephen Cover, Haldeman's insurance agent, does not create a dispute as to whether or not Hearth and Home was a named additional insured on the policy.  Cover testified that it was his normal practice to ask his customers what their insurance requirements were that would need to be fulfilled, but he did not recall whether he asked Haldeman if he needed anyone else to be listed as a additional insured.  Again, this testimony cannot be fairly construed to mean that Hearth and Home was an additional named insured on the policy.   For these and the other reasons cited by Magistrate Judge Smyser within his report

(doc. 121 at 77-81), we find that Hearth and Home was not an additional named insured and overrule its objection on this point.  Magistrate Judge Smyser also concluded, and we agree, that Hearth and Home was not entitled to damages for defense expenses under the policy as an indemnitee of Haldeman, again  because it was not an additional named insured under the policy in question.

Hearth and Home also objects to Magistrate Judge Smyser's conclusion that Hearth and Home is not entitled to coverage under the Automatic Additional Insureds Endorsement to the policy.  The Magistrate Judge reasoned that Exclusion (b) to the Endorsement applied, therefore Hearth and Home was not entitled to coverage.  Hearth and Home objects to this recommended finding.

Exclusion (b) of the Endorsement provides that "[t]he insurance provided to the additional insured does not apply to . . . "property damage" . . . [o]curring after that portion of "your work" out of which the injury or damages arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project."  (Rec. Doc. 121 at 89).  Magistrate Judge Smyser reasoned that Haldeman's work *was* put to its intended use when Hearth and Home turned the fireplace over to Stoltzfus and it was used by Stoltzfus.  The Magistrate Judge rejected Hearth and Home's argument that Exclusion (b) did not apply because the

home in which the fireplace had been installed had not yet been sold and put to its

intended use as a dwelling.

The essence of Hearth and Home's objection to this portion of the

Magistrate Judge's report is that the language of Exclusion (b) is ambiguous and

should therefore be construed against Penn National.  Hearth and Home points to

the opening paragraph of Exclusion (b), which defines who is an insured as:

> Any person(s) or organization(s) (referred to below as "additional
> insured") with whom you are required in a written contract or
> agreement to name as an additional insured but only for "your" acts or
> omissions arising from "your" ongoing operations at the location or
> project described in the contract or agreement.

Hearth and Home argues that the disjunctive nature of "location or project" renders

the language, as it applies to these circumstances, ambiguous.  We do not find this

argument availing in the slightest.

We shall adopt Magistrate Judge Smyser's reasoning in this regard as our

own, concluding that Exclusion (b) does apply and that Penn National is not

required to give Hearth and Home coverage or a defense under the Automatic

Additional Insureds Endorsement.  Hearth and Home's objection is overruled.

In summary, we find no error in the Magistrate Judge's reasoning or

recommendations as it relates to these motions, and accordingly shall adopt his

recommendation to deny Hearth and Home's motion for summary judgment and

grant Penn National's motion for summary judgment on Hearth and Home's counterclaims/third-party claims.

**IV.**   **CONCLUSION**:

Our review of the Magistrate Judge's detailed and exhaustive Report and Recommendation confirms his logic and reasoning.  For the reasons cited herein, we shall adopt the Magistrate Judge's Report and Recommendations as our own. All objections to the report shall be overruled.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Magistrate Judge Smyser's Report and Recommendation (doc. 121) is ADOPTED in its entirety.

2.   Travelers' motion for partial summary judgment against Hearth and Home (doc. 67) is DENIED.

3.   Penn National's motion for summary judgment against Hearth and Home on its claims as subrogee of Stoltzfus (doc. 62) is GRANTED in part and DENIED in part to the following extent:

   a.   Penn National's motion for summary judgment is granted as to the merits of the breach of contract claim.

   b.   Penn National's motion for summary judgment against Hearth and Home is denied in all other respects.

4.      Haldeman's motion for summary judgment or, in the alternative, partial

summary judgment against Hearth and Home (doc. 64) is DENIED.

5.      Hearth and Home's motion for summary judgment against Haldeman

(doc. 70) is DENIED.

6.      Penn National's motion for summary judgment against Hearth and

Home on Hearth and Home's counterclaims/third-party claims against

Penn National (doc. 76) is GRANTED.

7.      Hearth and Home's motion for summary judgment against Penn

National on Hearth and Home's counterclaims/third-party claims

against Penn National (doc. 73) is DENIED.

8.      All objections to the Magistrate Judge's Report and Recommendation

are OVERRULED.


s/ John E. Jones III
John E. Jones III
United States District Judge